```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                                                   :
ALLIANCE SHIPPERS INC.,                                            :
                                                                   :
                              Plaintiff,                           :
                                                                   :
            -v-                                                    :   13-cv-4555 (KBF)
                                                                   :
JOHN J. GARCIA, individually and as agent of                       :   OPINION & ORDER
KRIS-PAK SALES CORP., and CARLOS O.                                :
GARCIA, individually and as agent of KRISP-PAK                     :
SALES CORP.,                                                       :
                                                                   :
                              Defendants.                          :
                                                                   :
------------------------------------------------------------------ X
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: April 17, 2015
```

KATHERINE B. FORREST, District Judge:

  This action, by Alliance Shippers Inc. ("Alliance") as a judgment creditor of Krisp-Pak Sales Corp. ("Krisp-Pak"), was commenced on July 1, 2013. Plaintiff filed an amended complaint on April 14, 2014. (ECF No. 6 ("Am. Compl.").) The claims include Count I: "Receipt of Fraudulent Transfers," Count II: "Recharacterization," Count III: "Equitable Subordination," Count IV: "Breach of Fiduciary Duties by Officers and Directors," and Count V: "Punitive Damages." (Am. Compl. ¶¶ 45-84.)

  In sum and substance, plaintiff alleges that it provided freight transportation services to Krisp-Pak, a produce seller, for which it was not paid. A judgment has been entered in Krisp-Pak's favor in the amount of $371,007.68. (Am. Compl. ¶ 1.) The two individual defendants, John and Carlos Garcia, are alleged to be officers and directors of Krisp-Pak. (Am. Compl. ¶ 14.) Plaintiff alleges that commencing in 2006 and continuing for several years thereafter, the individual defendants made

capital contributions to Krisp-Pak in the aggregate amount of $2,129,679. (AM. Compl. ¶¶ 21-22 & ex. A.)  Plaintiff alleges that "at the direction of Defendants, [Krisp-Pak] improperly structured the corporate investments by Defendants as undocumented and unsecured loans." (Am. Compl. ¶ 24.)  Plaintiff also alleges that while Krisp-Pak did not pay interest on the loans, over time, defendants were repaid $1,369,773 in principal.  (Am. Compl. ¶¶ 27, 31.)  Plaintiff alleges that these repayments were made at a time when Krisp-Pak was insolvent.  (Am. Compl. ¶ 32.)  Krisp-Pak began informal liquidation in or about 2012 (or earlier).  (Am. Compl. ¶ 33.)  Alliance continued to provide freight transportation services to Krisp-Pak through January 2011.  (Am. Compl. ¶ 34.)  Alliance was not paid for its services during the period "of financial difficulty of Krisp-Pak from 2010 through 2011 in the amount of $369,700.00." (Am. Compl. ¶ 35.)

Plaintiff alleges that the defendants directed that funds that should have been used to pay creditors were inappropriately paid to the defendants and that the true nature of the "loans" was capital contributions and the true nature of the payments to the individual defendants was shareholder distributions.  (Am. Compl. ¶¶ 36, 38-39.)  Finally, plaintiff alleges that after the distributions to defendants, Krisp-Pak was unable to pay its debts as they became due in the ordinary course of its business.  (Am. Compl. ¶ 40.)

I.    THE MOTIONS TO DISMISS

Defendants have moved to dismiss all claims on several bases.  First, defendants argue that the facts underlying the complaint are insufficient to support the level of scienter required to state a fraudulent transfer claim.  They are correct.

The law—both statutory and case law—is quite clear that all claims of fraud are subject to the heightened pleading standard set forth in Rule 9(b) of the Federal Rules of Civil Procedure.  See, e.g., Fin. Guar. Ins. Co. v. Putnam Advisory Co., No. 14–1673–cv, 2015 WL 1654120, at *6 (2d Cir. 2015) (citing Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y., 375 F.3d 168, 187 (2d Cir. 2004)).  The instant complaint includes not a single factual allegation supportive of any fraudulent intent by defendants.  Accordingly, this claim must be dismissed.

Defendants next argue that both "recharacterization" and "equitable subordination" are claims under the bankruptcy law and not properly before this Court.  They are correct.  Section 510(c) of the Bankruptcy Code permits a court to subordinate certain claims under principles of equitable subordination.  11 U.S.C. § 510(c).  Recharacterization is appropriate when a debt transaction was actually an equity contribution from the outset.  Bayer Corp. v. Masotech, Inc., 269 F.3d 726, 747-48 (6th Cir. 2001); see also In re BH S & B Holdings LLC, 420 B.R. 112, 157 (Bankr. S.D.N.Y. 2009) (same).  Both an equitable subordination and recharacterization are claims initiated in a bankruptcy proceeding by proof of claim.  See, e.g., In re S.W. Bach & Co., 425 B.R. 78, 84 n.5 (Bankr. S.D.N.Y. 2010); In re BH S & B Holdings LLC, 420 B.R. at 154.  They do not constitute valid causes of action outside of the bankruptcy context.

Defendants next argue that Count V—alleging a claim for punitive damages—is in fact a remedy (versus a standalone claim).  They are again correct.  E.g., Martin v. Dickson, 100 Fed. App'x 14, 16 (2d Cir. 2004) ("[T]here is no separate

3

cause of action in New York for punitive damages." (citing Paisley v. Coin Device Corp., 773 N.Y.S.2d 582, 583 (N.Y. App. Div. 2004))).  Further, any claim for punitive damages must be supported by allegations that defendants acted with a "high degree of moral culpability which manifests a conscious disregard of the rights of others or conduct so reckless as to amount to such disregard."  In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig., 725 F.3d 65, 127 (2d Cir. 2013) (quoting Home Ins. Co. v. Am. Home Prods. Corp., 75 N.Y.2d 196, 203 (N.Y. 1990)).  There are no such allegations in the complaint.

Finally, plaintiff claims that defendants breached their fiduciary duties.  The amended complaint's allegations regarding this claim are conclusory and threadbare, and Alliance's brief in opposition to the instant motion provides only minimal support to the claim, focusing almost entirely on justifications for piercing Krisp-Pak's corporate veil.[1]  This claim is accordingly dismissed.

## II.   REQUEST TO AMEND

Plaintiff has requested leave to amend the complaint.  That request is denied.  Plaintiffs filed its original complaint in the summer of 2013; it met with Judge Karas, before whom this action was then pending, and opposing counsel for a pre-motion conference on June 4, 2014 at which deficiencies in the complaint were discussed.  (See ECF No. 14.)  Plaintiff has not since that that time proffered any facts that would change the instant result, and thus amendment would be futile.

---

[1] The Court deems waived any other arguments supporting Alliance's breach of fiduciary duty claim, by virtue of Alliance's failure to timely raise them.  Cf. In re Johns-Manville Corp., 759 F.3d 206, 219 (2d Cir. 2014); Lore v. City of Syracuse, 670 F.3d 127, 153 (2d Cir. 2012).

III.     CONCLUSION

For the reasons set forth above, defendants' motion to dismiss is GRANTED and this action is dismissed with prejudice.

The Clerk of Court is directed to close the motion at ECF No. 18 and to terminate this action.

SO ORDERED.

Dated:     New York, New York
           April 17, 2015

                                             _____
                                             KATHERINE B. FORREST
                                             United States District Judge